CLUB VIEW CORPORATION, et al., [1] Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Club View Corp. v. Commissioner
Docket Nos. 4152-73, 4153-73, and 4154-73.
United States Tax Court
T.C. Memo 1975-214; 1975 Tax Ct. Memo LEXIS 161; 34 T.C.M. (CCH) 922; T.C.M. (RIA) 750214; June 30, 1975, Filed Gerald A. Dechow, for the petitioners. Wright Tisdale, Jr., for the respondent IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined the following deficiencies in income tax: Docket
Section Petitioner
No.
Year
Deficiency
541 [2] Tax
Club View Corporation
4152-73
1964
$6,077.27
1965
1,776.35
Sherwood Gardens, Inc.
4153-73
1967
1,553.00
$2,264.79
1968
1,707.51
2,490.11
1969
1,706.72
2,488.96
Paul A. Wood Construc-
4154-73
1967
1,271.69
1,854.55
tion Corporation
1968
1,398.46
2,039.42
1969
1,398.07
2,038.85
*162 This proceeding was submitted under Rule 122, Tax Court Rules of Practice and Procedure. Various concessions having been made, the only issue remaining for our determination is whether respondent erred in applying section 482 to allocate interest income to Paul A. Wood Construction Corporation and Sherwood Gardens, Inc., for the taxable years 1967, 1968 and 1969. [3]
All of the facts have been stipulated and are found accordingly. Petitioners, Club View Corporation (hereinafter Club), Sherwood Gardens, Inc. (hereinafter Sherwood)and Paul A. Wood Construction Corporation (hereinafter Construction)are three corporations solely owned by Paul A. Wood (hereinafter Wood). Their principal offices were in Roanoke, Va., during the years in issue and at the time of the filing of their petition with this Court. During the years in issue corporate *163 income tax returns were filed by each corporation with the district director of internal revenue in Richmond, Va.
The parties have stipulated, and we so find, that as of January 1, 1967, Construction and Sherwood had loaned Club $65,338.24 and $53,301.95, respectively, that these loans were not evidenced by any written instruments, that there were no agreements for the payment of interest and that the loans represented the sole assets of Sherwood and Construction during the years 1967,1968 and 1969. During these years Club paid no interest to either Sherwood or Construction. Neither Sherwood nor Construction reported any gross income during the years 1967, 1968 and 1969. Petitioners dispute respondent's application of section 482, claiming that the provision, by its very terms and scope, is inapplicable herein. Primarily they argue that the loans were contributions to capital, not bona fide debt. Section 482 provides as follows: SEC. 482. ALLOCATION OF INCOME AND DEDUCTIONS AMONG TAXPAYERS. In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled *164 directly or indirectly by the same interests, the Secretary or his delegate may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses. The purpose of this provision is to place a controlled taxpayer on a tax parity with an uncontrolled taxpayer by determining, according to the standard of an uncontrolled taxpayer, the true taxable income of the controlled taxpayer. Section 1.482-1(b)(1), Income Tax Regs.
Respondent's determinations are presumed correct. The burden of proving respondent erred is clearly upon petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.Based on the scant record before us, it is our judgment the petitioners have not overcome that burden. At all pertinent times the three corporations were wholly owned by the same individual. Petitioners' argument that a reorganization (either de facto or under *165 section 368)occurred so that there was in fact only one entity is not supported by the record and is entirely without merit. Secondly, as it was stipulated that interest-free loans were made, petitioners now cannot contend otherwise. Even if they could contend otherwise, petitioners have presented no evidence suggesting that the loans were not in fact loans. It is also clear that these loans were not made in arm's-length transactions. Unrelated parties would not loan such amounts without interest. See B. Forman Company v. Commissioner,453 F. 2d 1144 (2d cir. 1972). See also section 1.482-2(a), Income Tax Regs.
Given the fact that interest-free loans were made between the related corporations in transactions that were clearly not at arm's length, we must now determine whether the imputation of interest in the statutory notices was within the scope of the Commissioner's power under section 482. In this instance, however, we need not delve into the divergence of views which has developed on this issue. See B. Forman Company v. Commissioner,supra; Fitzgerald Motor Co.,60 T.C. 957 (1973), affd. 508 F. 2d 1096 (5th Cir. 1975); *166 [4]Kerry Investment Co.,58 T.C. 479 (1972), revd. in part, 500 F. 2d 108 (9th Cir. 1974); Kahler Corp.,58 T.C. 496 (1972), revd. 486 F. 2d 1 (8th Cir. 1973). For petitioners to prevail under this Court's existing case law they would have to prove "that the proceeds of each particular loan were not used by the borrower to produce gross income" during the taxable years in issue. Fitzgerald Motor Co.,supra, at 963. As petitioners have not presented any evidence on this point, they cannot prevail and respondent's determinations must be sustained. [5] Because we have sustained respondent under this Court's existing case law, we need not reconsider his argument that he is empowered to impute interest income irrespective of whether the borrowed funds produce gross income. *167 Decisions will be entered under Rule 155.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Sherwood Gardens, Inc., docket No. 4153-73; and Paul A. Wood Construction Corporation, docket No. 4154-73.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. We were also asked to determine whether these two corporations were liable for the personal holding company tax under section 541. After the briefs had been filed, respondent reconsidered his position on this point and now concedes that no such tax is owing.↩
4. Although the Fifth Circuit affirmed our decision in Fitzgerald Motor Co., that Circuit also declined to adopt the tracing approach of this Court, stating: In our opinion, the position taken by the Second, Eighth, and Ninth Circuits is the preferable one. Each of these Courts has examined the legislative intent of § 482 and they have all determined that the section is applicable regardless of whether or not the debtor uses it to produce income. To adopt the rule of the Tax Court is to place a premium on sophisticated accounting and will afford a tax saving to those shrewd enough to invest borrowed money in nonproductive assets, which, in turn, frees existing funds for income producing activities. ↩
5. We also accept respondent's use of a five percent interest rate. See section 1.482-2(a)(2), Income Tax Regs. It has been stipulated that Club is entitled to corresponding interest deductions. See also section 1.482-1(d)(2), Income Tax Regs.↩